# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE S. WRIGHT and ) <br> LOUISE K. WRIGHT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CUMMINS INC., et al., ) <br> ) <br> Defendants. ) | Civil Action No. 1:23-cv-10496 |

### FORD MOTOR COMPANY'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY AND REPRESENTATIONS PUT FORWARD AT JUNE 25, 2025 HEARING

Pursuant to Local Rule 7.1(b)(3), Defendant Ford Motor Company, through counsel, hereby respectfully moves for leave to file a response to Plaintiffs' supplemental authority and representations put forward at the June 25, 2025 hearing, which is attached as **Exhibit 1** to this motion.

At the June 25, 2025 hearing on Ford's motion for summary judgment (ECF No. 524), Plaintiffs' counsel relied on supplemental authority and representations not included in their opposition brief or undisputed statement of facts (ECF No. 443, 443-1). This included: (1) three new cases that counsel represented went to a jury on a design defect claim without an engineering expert; and (2) the representation that Exhibits 18 and 20 to Plaintiffs' opposition brief supported the proposition that Ford could have used semi-metallic brakes in lieu of asbestos for friction products in its vehicles in the 1970s and 1980s. (June 25, 2025 Hr'g Tr. at 15:25-16:4, 20:17-20:19, 33:8-18, attached as **Exhibit 2**.)

Given that these representations were not in Plaintiffs' opposition brief, Ford was unable to fully address Plaintiffs' new representations and arguments at the June 25, 2025 hearing. Upon adjournment of the hearing, Ford was able to review those documents and case dockets and must correct the record regarding them. To not allow Ford to do so would unduly prejudice it. Therefore, good cause exists to allow Ford the opportunity to respond to the new authority and representations Plaintiffs put forward.

Accordingly, Ford respectfully requests the Court grant this motion for leave to file the attached Response to Plaintiffs' Supplemental Authority and Representations Put Forward at June 25, 2025 Hearing.

Dated: July 3, 2025                                Respectfully submitted,

                                        By:    /s/ *Timothy J. Keough*
                                               Timothy J. Keough (BBO #691562)
                                               Kristina M. O'Keefe (BBO #713500)
                                               **WHITE AND WILLIAMS LLP**
                                               101 Arch Street, Suite 1930
                                               Boston, MA 02110
                                               617-748-5200
                                               keought@whiteandwilliams.com
                                               okeefek@whiteandwilliams.com

                                               Davis M. Walsh (*admitted pro hac vice*)
                                               **MCGUIREWOODS LLP**
                                               Gateway Plaza
                                               800 East Canal Street
                                               Richmond, VA 23219-3916
                                               804-775-7791
                                               dwalsh@mcguirewoods.com

Sylvia Macon Kastens (*admitted pro hac vice*)
**MCGUIREWOODS LLP**
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510
757-640-3700
skastens@mcguirewoods.com

Robert J. Mullins, II (*admitted pro hac vice*)
**BENNETT SCHECHTER ARCURI & WILL LLP**
701 Seneca Street, Suite 609
Buffalo, NY 14210
716-242-8106
rmullins@bsawlaw.com

*Attorneys for Ford Motor Company*

## **L.R. 7.1(a)(2) CERTIFICATION**

I certify that I attempted to confer in good faith with the remaining parties to resolve or narrow the issues associated with this motion.

*/s/ Timothy J. Keough*

## **CERTIFICATE OF SERVICE**

I certify that on July 3, 2025 a copy of the above document was filed through the ECF system and was served on all registered participants as listed on the Notice of Electronic filing, and that all non-registered parties were served.

*/s/ Timothy J. Keough*